UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CR 095 RWS |
| | ) | |
| ROY WILLIAM BURRIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant Roy William Burris, Jr.'s ("Burris") *pro se* Motion to Appoint Counsel and for Compassionate Release [518]. The Federal Public Defender has declined to file a supplemental motion on Burris' behalf. ECF. No. 521. Because I find that Burris fails to establish an "extraordinary and compelling" reason for relief pursuant to 18 U.S.C. § 3582(c)(1)(A), I will deny his motion.

**Background**

On February 12, 2020, a jury convicted Burris of one count of Conspiracy to Distribute Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count I). At Burris' sentencing on September 17, 2020, I found that Burris had a criminal history category of III and that his total offense level was 43. Based on a criminal history category of III and a total offense level of 43, the applicable

guidelines range was Life imprisonment. I sentenced Burris to 300 months of imprisonment to be followed by a five-year term of supervised release, representing a downward variance from the applicable guidelines range. Burris is 46 years old and is currently incarcerated at FCI Lompoc II in Lompoc, California. His projected release date is June 28, 2037.

The Eighth Circuit rejected Burris' claims on direct appeal, and his habeas petition pursuant to 28 U.S.C. § 2255 was denied. On March 24, 2025, I denied Burris' Motion for a Sentence Reduction pursuant to Amendment 821 and U.S.S.G. § 1B1.10. I determined that Burris was not eligible for a sentence reduction because the amendment did not have the effect of lowering his criminal history category or his guidelines range, which remained Life. *See* ECF. No. 516. Burris now argues that his circumstances warrant compassionate release under § 3582(c)(1)(A).[1]

**Discussion**

The First Step Act of 2018 grants me authority, under certain circumstances, to reduce a defendant's sentence "when extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Burris bears the burden of

[1] Burris' motion includes a letter from his Warden denying his request for a reduction in sentence, demonstrating that he has exhausted his administrative remedies before pursuing relief in this Court. ECF. No. 518 at 29; *see, e.g.*, *United States v. Hughes*, No. 4:19-CR-00687-SRC-2, 2023 WL 1389317, at *2 (E.D. Mo. Jan. 30, 2023) ("According to the plain terms of section 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies.").

establishing that compassionate release is warranted in his case. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). As relevant here, the United States Sentencing Commission promulgates policy statements "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). On November 1, 2023, the Commission issued policy statement U.S.S.G. § 1B1.13. In § 1B1.13, the Commission set forth the circumstances that alone or in combination with other factors may be considered extraordinary and compelling reasons for relief, including the defendant's (1) medical circumstances, (2) age, (3) family circumstances, (4) status as a victim of abuse, (5) other reasons, and (6) unusually long sentence. Pursuant to the "catch-all" provision, § 1B1.13(b)(5) ("Other Reasons"), the defendant may "present[] any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraph (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

Burris first argues that he should be afforded relief under § 1B1.13(b)(5) because his sentence exceeds the "national mean sentence for drug trafficking offenses," which he claims is approximately 82 months. ECF. No. 518 at 6. In this case, I do not find that an alleged disparity between Burris' sentence and the "national mean" for drug trafficking offenses is an "extraordinary and compelling"

reason for a sentence reduction. Burris' sentence was highly individualized and based on the specific set of circumstances related to his offense. "Federal judges exercising sentencing discretion have always considered a wide variety of aggravating and mitigating factors relating to the circumstances of both the offense and the offender." *Concepcion v. United States*, 597 U.S. 481, 492 (2022) (internal quotation omitted). Burris received a two-point increase in his base offense level for possessing a dangerous weapon and a two-point increase for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement. At sentencing, I determined that Burris fled from law enforcement "by driving at a high rate of speed, veering on and off the sidewalk into the street, accelerating towards a police vehicle, [and] almost hitting a pedestrian." ECF. No. 471 at 50. He also received a four-point increase in his base offense level for being an organizer, leader, manager, or supervisor in criminal activity that involved five or more participants. I found that Burris "was involved in brokering the purchase and distribution of multiple kilogram quantities of cocaine" and had "clearly directed" co-conspirator Oscar Dillon's "activities in St. Louis in arranging for the delivery of the cocaine." *Id.* at 47-48. Burris' sentence was the result of enhancements and factors I found applicable based on the evidence presented by the United States Attorney.

Burris next argues that the drug quantity attributed to him at sentencing was based on relevant conduct and exceeded the amount of cocaine actually seized, resulting in a harsher punishment. I determined that based on the testimony and other evidence presented on Burris' conduct, he was accountable for at least 106 kilograms of cocaine, resulting in a base offense level of 34 under the relevant sentencing guidelines. ECF. No. 471 at 34-35. Burris took the issue up on appeal, and the Eighth Circuit rejected his claim that "some of the drugs counted were not relevant conduct to the charged conspiracy." ECF. No. 494 at 7.[2] The court held that my calculation of the drug quantity at sentencing was supported by the record and that I was "not limited to consideration of seized drugs and may consider testimony and other evidence to estimate the quantity that represents the scale of the offense." *Id.* at 7-8 (citing *United States v. Roach*, 164 F.3d 403, 413 (8th Cir. 1998)). As the United States Attorney noted in its opposition to Burris' previous sentence reduction motion, the Eighth Circuit also rejected his arguments about the aggravating role enhancement based on Burris' involvement as an organizer/leader of the conspiracy, the enhancement predicated on Burris' possession of a firearm, and the reckless endangerment enhancement. ECF. No. 514 at 2 n.1 (citing *United States v. Burris*, 22 F.4th 781, 786-88 (8th Cir. 2022)). As a result, Burris'

---

[2] Case styled *United States v. Burris*, 22 F.4th 781 (8th Cir. 2022).

challenge to the quantity of drugs attributed to him at sentencing does not warrant a sentence reduction.

Additionally, Burris argues that there was an unwarranted disparity between his sentence and those of his co-defendants. Neither of Burris' co-defendants was sentenced by me *in this case*. The United States Attorney dismissed the Indictment against co-defendant Michael Grady without prejudice, and the jury found co-defendant Oscar Dillon III not guilty. The sentencing disparity that Burris refers to is between his sentence and Dillon's 187-month and Grady's's 226-month sentences in a different case presided over by District Judge Henry E. Autrey. *See USA v. Velazquez et al.*, Case No. 4:15-cr-00404-HEA. Although Dillon and Grady were sentenced on drug conspiracy and other related offenses, the particular circumstances surrounding their conduct in that case differed from Burris' in this one. Further, Judge Autrey sentenced Dillon and Grady approximately two years afte*r* Burris was sentenced in this case. I sentenced Burris in this case based on the evidence before me and the applicable sentencing enhancements, and Judge Autrey sentenced Dillon and Grady based on the evidence before him in a different case.

In any event, "[m]ost courts say that the statutory direction to avoid unwarranted sentence disparities, *see* 18 U.S.C. § 3553(a)(6), refers to *national* disparities, not differences among co-conspirators." *United States v. Fry*, 792 F.3d 884, 892 (8th Cir. 2015) (emphasis in original). Even so, the alleged disparity

between Burris' and his co-defendants' sentences is not unusual or extreme. *See, e.g., United States of America, Plaintiff, v. Alphonso Eduardo Gonzales, Defendant.*, No. 4:14-CR-0025-AGF, 2026 WL 3030369, at *4-5 (E.D. Mo. Oct. 9, 2026) ("[E]ven assuming this Court could consider co-defendant sentencing disparities under § 1B1.13(b)(5), the Court would require that Gonzales demonstrate an extreme disparity between similarly situated defendants.") (citing *Fry*, 792 F.3d at 892-93). In *Fry*, the Eighth Circuit noted, "This court once granted relief based on a comparison of co-conspirators, but that decision is necessarily limited to the 'unusual circumstances' presented there: an 'extreme disparity' in sentencing between similarly situated conspirators, and a consolidated appeal involving both conspirators that permitted a remand for resentencing of both parties." *Fry*, 792 F.3d at 892-93 (citation omitted). Burris presents no such circumstances here.

To the extent Burris claims that his sentence should be considered "unusually long" under U.S.S.G. § 1B1.13(b)(6) based on a non-retroactive change in the law, his argument his foreclosed by the United States Supreme Court's decision in *Rutherford v. United States*, 146 S. Ct. 1320 (2026). In *Rutherford*, the Supreme Court held, "The statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Id.* at

1335. "To the extent that it counsels otherwise, the Commissioner's policy statement is invalid." *Id.* Burris fails to identify a particular non-retroactive change in the law that would produce "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed…." U.S.S.G. § 1B1.13(b)(6). Because Burris was sentenced in 2020, the retroactive amendment to the sentencing guidelines pursuant to the Fair Sentencing Act of 2010 does not apply to him. *See United States v. Spencer*, 998 F.3d 843, 845 (8th Cir. 2021) ("The Fair Sentencing Act of 2010 reduced (future) sentencing disparities between crack-cocaine and powder-cocaine offenses…[i]n 2018, the First Step Act made specific parts of the Fair Sentencing Act retroactive to offenses *committed before August 3, 2010*.") (emphasis added). Burris was sentenced consistent with the Fair Sentencing Act of 2010 for an offense committed after August 3, 2010. There is no retroactive or non-retroactive change in the law that applies to reduce Burris' sentence.

Finally, Burris asserts that the conditions of his confinement during the COVID-19 pandemic and his rehabilitation while incarcerated warrant a sentence reduction. While I understand that the COVID-19 pandemic brought with it unique hardships for individuals who were incarcerated, Burris' incarceration during that period is not an "extraordinary and compelling" reason for compassionate release today. *See, e.g.*, *United States v. Wilkens*, No. CR 12-74

(MJD), 2026 WL 1194661, at *4 (D. Minn. May 1, 2026) (rejecting defendant's argument that the "restrictive conditions" in prison required by the COVID-19 pandemic warranted his compassionate release). "[A]s a matter of law, prison conditions, policies, and programs that affect a large number of inmates are not 'a particularized reason' for an individual Defendant's early release." *Id.* Burris' alleged rehabilitation while incarcerated, though commendable, cannot serve as the sole basis upon which to grant relief. *See, e.g.*, *United States v. Brown*, No. 22-CR-00263 (SRN/ECW), 2025 WL 3443237, at *4 (D. Minn. Dec. 1, 2025) ("[R]ehabilitation of the defendant is not, by itself, an 'extraordinary and compelling reason' for compassionate release.") (citing U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t)).

In reviewing Burris' motion, I have considered all of the 18 U.S.C. § 3553(a) factors and his arguments pursuant to § 1B1.13(b)(5) and § 1B1.13(b)(6). I find that Burris fails to provide an "extraordinary and compelling" reason for a sentence reduction pursuant to § 3582(c)(1)(A). His request to appoint counsel is denied. As a result, I will deny his motion.

Accordingly,

**IT IS HEREBY ORDERED that** Roy William Burris, Jr.'s pro se Motion to Appoint Counsel and for Compassionate Release [518] is **DENIED** without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2026.